UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Margot Kapacs,                                            Civil No. 17-2291 (SRN/FLN)

               Plaintiff,

       v.                                          **ORDER AND REPORT & RECOMMENDATION**

City of Minneapolis, et al.,

               Defendants.
_____

No appearance, for *pro se* Plaintiff.
Burt Osborne, for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 1, 2017, on Defendants' motion for judgment on the pleadings (ECF No. 38), and Plaintiff's motion to stay the case (ECF No. 75). The motion for judgment on the pleadings was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* Order, ECF No. 45. For the reasons set forth below, the undersigned recommends that Defendants' motion for judgment on the pleadings (ECF No. 38) be **GRANTED**, and orders that Plaintiff's motion to stay the case (ECF No. 75) is **DENIED**.

**I. FACTUAL BACKGROUND[1]**

Plaintiff is the owner and operator of Minnehaha Lofts, LLC. *See* ECF No. 32 at 2. Minnehaha Lofts provides short-term, extended stay accommodations as a hotel alternative. *See* ECF No. 7, Ex. 4 at 1. In April 2015, Defendant City of Minneapolis (the "City") conducted a hearing

---

1    A more complete case background is available in this Court's previous Report and Recommendation. *See* ECF No. 66.

regarding Plaintiff's rental license for a duplex property he owns, located at 3324 23rd Avenue South, Minneapolis, Minnesota, after Plaintiff allegedly failed to respond to the City's numerous notices and attempts to inspect the property. *See* ECF No. 1 ¶ 10. The hearing officer recommended that the City revoke Plaintiff's rental license for the property, and on May 15, 2015, the Minneapolis City Council reviewed the revocation recommendation. *See* ECF No. 54–1 at 2. On June, 1, 2015, the City sent Plaintiff notice that his rental license for the property had been revoked. *See id.* In late 2015 and early 2016, the City denied Plaintiff's applications for rental licenses at other Minneapolis properties, 3849 23rd Ave South, Minneapolis, Minnesota, and 5420 44th Ave South, Minneapolis, Minnesota, because a City Ordinance, § 244.1910(13)(b), prohibits new rental license applications from being granted for a period of three years for any applicant having a license revocation. *See generally* ECF No. 1. On September 21, 2015, Plaintiff filed a writ of certiorari challenging the City's revocation. *See* ECF No. 40, Ex. 1. On October 20, 2015, the Minnesota Court of Appeals concluded that Plaintiff failed to timely appeal the City's rental license revocation, and the City's revocation stood as final. *See* ECF No. 54–1 at 47–50.

     Plaintiff then filed suit in Hennepin County District Court, challenging, *inter alia*, the constitutionality of another City Ordinance, § 244.1840(3), and the City's revocation of his rental license for the 3324 23rd Avenue property. On November 30, 2015, the Hennepin County District Court dismissed all, but Plaintiff's constitutional claim, concluding that it lacked subject matter jurisdiction over Plaintiff's challenge to the City's rental license revocation because Plaintiff's exclusive right to appeal the City's revocation was the untimely filed writ of certiorari. *See id.* at 28–30, 37; *see also* ECF No. 40, Ex. 2 at 6. On August 31, 2016, the Hennepin County District Court dismissed the remaining constitutional claim, concluding that Plaintiff had not met his burden of proving that the disputed Ordinance, § 244.1840(3), is unconstitutional.

Plaintiff then filed appeals before the Minnesota Court of Appeals, contesting the City's denial of his rental application for a different property, located at 5420 44th Avenue South, Minneapolis, Minnesota, and the Hennepin County District Court's dismissal of his claims challenging the City's revocation of his 3324 23rd Avenue rental license and the constitutionality of § 244.1840(3). *See id.* at 34; *see generally* ECF No. 40, Exs. 2, 3. On June 19, 2017, the Minnesota Court of Appeals affirmed the Hennepin County District Court's dismissal of his claims relating to the City's license revocation for lack of subject matter jurisdiction and dismissal of Plaintiff's claim related to his constitutional challenge to § 244.1840(3). *see id.* at 33–45; *see also* ECF No. 40, Ex. 2. As to Plaintiff's constitutional challenge to § 244.1840(3), the Minnesota Court of Appeals, applying rational basis review, reasoned that the notice provision of the Ordinance was constitutionally adequate insofar as it "promotes [a property] manager's prompt response to rental-property issues, i.e., is rationally related to a legitimate [state] purpose." ECF No. 40, Ex. 2 at 12. On July 31, 2017, the Minnesota Court of Appeals affirmed the City's denial of his rental license application for the 5420 44th Avenue South, Minneapolis, Minnesota, property, concluding that the City properly determined that § 244.1910(13)(b) prohibits granting new rental licenses applications for a period of three years for any applicant having a previous license revocation. *See* ECF No. 40, Ex. 3 at 1–5. In addition to state court litigation, Plaintiff has filed multiple federal suits, either active or dismissed, in the District of Minnesota, seeking federal review of Plaintiff's myriad state court claims stemming from the City's rental license revocation and application denials, *see e.g.*, *Kapacs v. City of Minneapolis Regulatory Serv., et al.*, 16-cv-2540 (PJS/BRT), and his divorce. *See e.g.*, *Kapacs v. State of Minnesota, et al.*, 17-cv-3615 (WMW/HB).

On June 27, 2017, Plaintiff commenced this action, raising claims under 42 U.S.C. § 1983, 42 U.S.C. § 1961, l8 U.S.C. § 1621, and l8 U.S.C. § 1623, alleging violations under the Fourth,

3

Fifth, Ninth, and Fourteenth Amendments. *See generally* ECF No. 1. On November 1, 2017, the Court denied Plaintiff's motions for a preliminary injunction, temporary restraining order, and appointment of counsel. *See* ECF Nos. 66, 73. On November 28, 2017, Plaintiff appealed the Court's denial of his request for injunctive relief and for appointment of counsel to the Eighth Circuit. *See* ECF No. 77.

In the instant motion, Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(c) because *res judicata* applies as an absolute bar to Plaintiff's claims raised in this case. *See* ECF No. 39 at 5. Specifically, Defendants argue that *res judicata* applies here because the Minnesota Court of Appeals was "the court of competent jurisdiction to review the City's rental licensing actiosn" (sic) and the Minnesota Court of Appeals affirmed the Hennepin County District Court's dismissal of Plaintiff's claims, including Plaintiff's constitutional challenge to § 244.1840(3). *Id.* at 6. Plaintiff counters that *res judicata* cannot apply here because the Hennepin County District Court and the Minnesota Court of Appeals dismissed the majority of his claims for lack of subject matter jurisdiction, rather than on the merits, and, unlike his claims brought in state court, his claims here are brought under federal law. *See* ECF No. 68 at 5–7.

## II. JUDGMENT ON THE PLEADINGS

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.2d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). "When considering a motion for judgment on the pleadings . . . the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not

4

contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The "court may consider '. . . items appearing in the record of the case.'" *Id.* (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 299 (1990)). The court "reviews . . . 12(c) motion[s] under the standard that governs 12(b)(6) motions" to dismiss. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *see also St. Paul Ramsey Cnty. Med. Ctr. v. Pennington County*, 857 F.2d 1185, 1187 (8th Cir. 1988).

In analyzing the adequacy of a complaint under Rule 12(b)(6), the court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *See In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that

5

a defendant has acted unlawfully. *See Iqbal*, 556 U.S. at 678.

Defendants argue that *res judicata* bars Plaintiff's claims here.

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979). *Res judicata* may be raised in a motion to dismiss. *See, e.g.*, *Laase v. County of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (reviewing a motion to dismiss based on *res judicata*); *C.H. Robinson Worldwide, Inc. v. Lorano*, 695 F.3d 758, 764–65 (8th Cir. 2012) (finding that under the Federal Rules of Civil Procedure, the Eighth Circuit has "implicitly endorsed the use of a motion to dismiss to raise res judicata."). "'The law of the forum that rendered the first judgment controls the res judicata analysis.'" *Id.* (quoting *Laase*, 638 F.3d at 856).

> Under Minnesota law, the disposition of an earlier claim constitutes a res judicata bar against the litigation of a subsequent claim where '(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter.'

*Laase*, 638 F.3d at 856 (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).

> Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action. Where a plaintiff's claims come to a final judgment, that judgment constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein.

*Id.* (internal citations omitted).

"[R]es judicata may apply to administrative decisions when an agency acts in a judicial or quasi-judicial capacity." *Graham v. Special Sch Dist. No. 1*, 472 N.W.2d 114, 115–16 (Minn. 1991);

6

*see also Surf & Sand, Inc. v. Gardenburg*, 457 N.W.2d 782, 787 (Minn. Ct. App. 1990). "One factor which apparently influences the decision to accord administrative decisions res judicata effect is the availability of judicial review." *McKee v. Ramsey County*, 245 N.W.2d 460, 462 n.2 (Minn. 1976).

"[T]he companion doctrine of collateral estoppel (issue preclusion) may also apply, in appropriate instances, to agency decisions." *Id.* For collateral estoppel to apply to agency decisions:

> (1) the issue to be precluded must be identical to the issue raised in the prior agency adjudication; (2) the issue must have been necessary to the agency adjudication and properly before the agency; (3) the agency determination must be a final adjudication subject to judicial review; (4) the estopped party was a party or in privity with a party to the prior agency determination; (5) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Graham*, 472 N.W.2d at 116 (internal citations omitted).

Here, Plaintiff's Complaint includes a Request for Relief Section alleging that the City violated his rights by:

> l. [F]ailing to effectuate service onto the Plaintiff with the two notices with requests for inspections on Nov.l8, 2014 and Dec. 4,2014 (sic);
>
> 2. [M]isdealing the hearing officer at the hearing on April 2l, 2015 about effective service on the Plaintiff when there was none;
>
> 3. [A]cting without jurisdiction to unlawfully revoke rental licenses for the property at 3324 23rd Ave S;
>
> 4. [P]osting false accusations of unlawful occupancy on the Plaintiffs property and wrongly defaming Plaintiff in public without giving him the opportunity to be heard, defend and contest the appropriateness of such false accusations;
>
> 5. [D]enying a review/appeal of the denied new rental license for the property at 3849 23rd Ave S (sic) while keeping the money for the appeal and publicly defaming the Plaintiff of the unlawful occupancy at the same time;
>
> 6. [E]ngaging in an extensive search of records about the Plaintiff unlike other applicants in the same position; and
>
> 7. [S]ecretly obtaining a Search Warrant and then failing to effectuate service onto the Plaintiff with the search warrant on Oct. 21, 2015. . . .

ECF No. 1 at 15–16. Similarly, Plaintiff's Complaint's includes a Declaratory Judgment/Federal oversight Section requesting that:

> l. [T]his Court gant injunctive relief, requiring the City of Minneapolis to conform to the requirements of the federal Constitution and statutes to bring the following practices or city ordinances into compliance with the commands of the same' (sic) Specifically, to the following, but not limited to:
>
> A. Find unlawful and unconstitutional posting false accusation of unlawful occupancy on the homeowner's property and wrongly defaming homeowners in public without giving a homeowner his/her right to be heard, defend and contest the appropriateness of such accusations[;]
>
> B. Find unlawful and unconstitutional the Minneapolis Ordinance 244.1840(3) for prohibiting the homeowner's from listing their PO Box address as their mailing address[;]
>
> C. Find unlawful and unconstitutional processing rental licenses in time without end while failing to issue provisional licenses and denying the right to rent temporarily for properties that meet the minimum standards set forth by the city of Minneapolis Ordinance section 244.1855[.]

*Id.* at 16–17.

Plaintiff's request that the Court find "unlawful and unconstitutional the Minneapolis Ordinance 244.1840(3)" is barred by *res judicata*. Plaintiff has extensively litigated the constitutionality of this Ordinance in state court. Specifically, in affirming the Hennepin County District's ruling on the matter, the Minnesota Court of Appeals confronted the question of whether § 244.1840(3) "is facially unconstitutional as violative of federal due process and equal protection[]" and concluded that the Ordinance survived rational basis review. ECF No. 40, Ex. 2 at 9. Plaintiff's state constitutional claim raised in this case challenges the identical Ordinance, poses an identical question of federal constitutional due process and equal protection, involves the same set of factual circumstances, operative facts, and parties, proceeded to final judgment on the merits before the Hennepin County District Court, was affirmed by the Minnesota Court

of Appeals, and Plaintiff had a full and fair opportunity to litigate the matter before multiple tribunals in state court. *See Laase*, 638 F.3d at 856. Accordingly, Defendants are entitled to judgment as a matter of law on this claim. *See id.*; *Poehl*, 528 F.2d at1096.

As to Plaintiff's claims relating to the City's rental license revocation of his 3324 23rd Avenue South, Minneapolis, Minnesota, property, Plaintiff argues that *res judicata* does not apply here because those claims were dismissed by the Hennepin County District Court, and affirmed by the Minnesota Court of Appeals, for want of subject matter jurisdiction, rather than proceeding to adjudication on the merits. *See* ECF No. 68 at 6. Plaintiff misconstrues the application of *res judicata*.

The City held an April 2015, hearing on Plaintiff's rental license. The hearing officer recommended that Plaintiff's license be revoked, and on May 15, 2015, the Minneapolis City Council reviewed the hearing officer's recommendation. On June 1, 2015, the City provided Plaintiff with notice that his rental license for the property had been revoked. Under Minnesota law, Plaintiff's exclusive forum to seek review of the City's rental license revocation was through a writ of certiorari. *See County of Washington v. City of Oak Park Heights*, 818 N.W.2d 533, 539 (Minn. 2012). On September 21, 2015, Plaintiff filed a writ of certiorari challenging the City's revocation. The Minnesota Court of Appeals concluded, however, that Plaintiff had failed to file the writ within the statutorily prescribed 60-day period, and therefore, held that the City's revocation stood as final. *See* ECF No. 40, Ex. 1 at 2. Although Plaintiff is correct, the Hennepin County District Court, as affirmed by the Minnesota Court of Appeals, never reached the merits of Plaintiff's claims related to the City's rental license revocation for the 3324 23rd Avenue property, the Hennepin County District Court was foreclosed from reviewing those

9

claims under Minnesota law. *See County of Washington*, 818 N.W.2d at 539. However, the City, through its quasi-judicial proceedings, reached and decided the merits of Plaintiff's rental license revocation claims, and a quasi-judicial decision is entitled to preclusive effect. *See Graham*, 472 N.W.2d at 116.

Plaintiff's claims related to the City's revocation involve the same set of factual circumstances and parties as the present matter; have already proceeded to final judgement on the merits before City's administrative hearing and review; and Plaintiff had a full and fair opportunity to litigate those claims. *Laase*, 638 F.3d at 856. Indeed, Plaintiff's Complaint asks that the Court review the sufficiency of the City's notice provisions, process, and conduct during and leading up to Plaintiffs' April 2015, revocation hearing – issues already decided by the City's review. Moreover, to the extent that Plaintiff's claims here are not identical to those claims plead or raised during the City's review, Plaintiff could have, and should have, litigated those claims in the earlier action. *Laase*, 638 F.3d at 856. Crucially, Minnesota law afforded Plaintiff an opportunity to seek judicial review of the City's license revocation as a quasi-judical decision through a writ of certiorari; that Plaintiff failed to timely seek review of those claims cannot subsequently revive them in any forum, whether it be before the Hennepin County District Court, or here, in the District of Minnesota. *See McKee*, 245 N.W.2d at 462 n.2 (noting that *res judicata* applies to quasi-judicial determinations when judicial review is available).

As to Plaintiff's claims related to the City's decision to deny Plaintiff's "new rental license for the property at 3849 23rd Ave S (sic)" the Court concludes that these claims are, also, barred by *res judicata*. Plaintiff's rental application for this property was denied in November 2015, because a City Ordinance, § 244.1910(13)(b), prohibits new rental license applications

10

from being granted for a period of three years for any applicant having a license revocation within the preceding year. *See* ECF No. 1 at 13. Plaintiff had an opportunity to request a rental application before the City's quasi-judicial process and appeal the City's denial of his application for 3849 23rd Avenue South, Minneapolis, Minnesota, through a writ of certiorari. Again, the City's quasi-judicial decision to deny Plaintiff's rental application pursuant to § 244.1910(13)(b) for the property located at 3849 23rd Avenue South, Minneapolis, Minnesota, involved the same set of factual circumstances and parties, proceeded to a final judgment on the merits before the City's hearing process, and afforded Plaintiff a full and fair opportunity to litigate the matter, *see Laase*, 638 F.3d at 856, including an opportunity to seek judicial review through a writ of certiorari. *See McKee*, 245 N.W.2d at 462 n.2. As a result, Plaintiff's claims relating to his denied rental license for the 3849 23rd Avenue South, Minneapolis, Minnesota, property are barred by *res judicata* and Defendants are entitled to judgment as a matter of law on these claims. *See id.*; *Poehl*, 528 F.2d at 1096.

In addition, the Court notes that Plaintiff's claims related to the denial of the rental license for his property located at 3849 23rd Avenue South, Minneapolis, Minnesota, are also barred under the companion doctrine of collateral estoppel. On July 31, 2017, the Minnesota Court of Appeals concluded that the City correctly denied Plaintiff's application for a rental license at a separate property located at 5420 44th Avenue South, Minneapolis, Minnesota, because the City's revocation of his rental license for his 3324 23rd Avenue property prevented him from obtaining rental licenses for a period of three years pursuant to § 244.1910(13)(b). *See* ECF No. 40, Ex. 3. Here, to the extent Plaintiff alleges that he suffered an injury related to the City's denial of his rental applications at 3849 23rd Avenue South, Minneapolis, that issue is

11

identical to the issue raised in the 5420 44th Avenue South litigation, and was decided by the Minnesota Court of Appeals under § 244.1910(13)(b). *See Graham*, 472 N.W.2d at 116. The City's decision to deny Plaintiff's rental license application for the 5420 44th Avenue South, Minneapolis, Minnesota, property, was subject to judicial review and Plaintiff was given an opportunity to fully and fairly litigate the matter before multiple tribunals. *See id.* Accordingly, Plaintiff's claims related to obtaining a new rental license at the 3849 23rd Avenue South, Minneapolis, Minnesota, property are precluded by collateral estoppel and Defendants are entitled to judgment as a matter of law on these claims. *See id.*; *Poehl*, 528 F.2d at1096.

### III. MOTION TO STAY

Plaintiff asks the Court to stay these proceedings until the Eighth Circuit issues its ruling regarding his request for injunctive relief and for appointment of counsel. *See* ECF No. 75. Plaintiff represents that he is in particular need of counsel given his physical presence in Latvia and inability to re-enter the United States. *See* ECF No. 76. Plaintiff maintains that a stay is needed to "avoid injustice being served in this case . . . ." *Id.*

To be entitled to a stay, Plaintiff must demonstrate a likelihood of success on the merits of his appeal. *See Robinson v. Bank of Am., N.A.*, Civ. No. 11–2284 (MJD/LIB), 2012 WL 2885587, at *1 (D. Minn. July 13, 2012); *see, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (denying motion to stay because plaintiffs could not demonstrate a likelihood of success on the merits). As noted in the Court's previous Report and Recommendation, *pro se* litigants, such as Plaintiff, do not have a constitutional or statutory right to counsel in civil cases. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Moreover, Plaintiff has not shown that he is likely to prevail on his request for injunctive relief under Eighth Circuit precedent. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113–14 (8th Cir.1981). As such, the Court finds

that a stay of this case is not warranted. *See Hilton*, 481 U.S. at 776.

## IV. ORDER AND RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion for judgment on the pleadings (ECF No. 38) be **GRANTED**, and **ORDERED** that Plaintiff's motion to stay the case (ECF No. 75) is **DENIED**.


DATED: January 30, 2018                    *__s/Franklin L. Noel*

                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 13, 2018**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.


This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.