UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Margots Kapacs,<br><br>   Plaintiff,<br><br>v.<br><br>City of Minneapolis, et al.,<br><br>   Defendants. | Case No. 17-cv-2291 (SRN/BRT)<br><br><br>**ORDER** |

Margots Kapacs, 3 Essencline Road, London, W92LS, England, pro se.

Burt T. Osborne, Minneapolis City Attorney's Office, 350 South 5th Street, Room 210, Minneapolis, Minnesota 55415.

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on Plaintiff Margots Kapacs's Motion for a Temporary Restraining Order [Doc. No. 94] and Plaintiff's Motion for Extension of Time to File an Appeal [Doc. No. 102]. For the reasons set forth below, this Court denies both of Plaintiff's motions.

**I. Factual and Procedural Background**

  Plaintiff is the owner and operator of Minnehaha Lofts, LLC. (Report and Recommendation ("R&R") of Nov. 2, 2017 at 1.) In June 2015, Defendant City of Minneapolis (the "City") revoked Plaintiff's rental license for a duplex property he owns, located at 3324 23rd Avenue South, Minneapolis, Minnesota, after Plaintiff allegedly failed to respond to the City's numerous attempts to inspect the property. (*Id.*) In late

1

2015 and early 2016, the City denied Plaintiff's applications for rental licenses at other Minneapolis properties because a City rental ordinance, § 244.1910(13)(b), prohibits new rental license applications from being granted if an applicant had a license revoked within the preceding year. (*Id.* at 2.) On October 20, 2015, the Minnesota Court of Appeals concluded that Plaintiff failed to timely appeal the City's rental license revocation, and the revocation stood as final. (*Id.*)

Plaintiff then filed suit in the Hennepin County, Minnesota, District Court, challenging, *inter alia*, the constitutionality of a City rental ordinance, § 244.1840(3). (*Id.*) By August 31, 2016, the Hennepin County District Court dismissed all but one of Plaintiff's claims. (*Id.*) Plaintiff then filed several appeals before the Minnesota Court of Appeals, contesting the City's rental license revocation, the City's denial of his rental application for a property, and the Hennepin County District Court's dismissal of his claims. (*Id.*) However, the Minnesota Court of Appeals affirmed the City's rental license revocation, application denial, and the Hennepin County District Court's dismissal of his claims. (*Id.*)

In addition to state court litigation, Plaintiff has filed multiple suits in the District of Minnesota, seeking federal review. *See e.g.*, *Kapacs v. City of Minneapolis Regulatory Service, et al.*, 16-cv-2540 (PJS/BRT) (seeking review of Plaintiff's state court claims stemming from the City's rental license revocation and application denial); *Kapacs v. State of Minnesota, et al.*, 17-cv-3615 (WMW/HB) (seeking review of Plaintiff's divorce); *Kapacs v. State of Minnesota, et al.*, 17-cv-2291 (SRN/BRT) (seeking review of alleged violations of Plaintiff's Fourth, Fifth, Ninth, and Fourteenth Amendment rights).

## II. Motion for a Temporary Restraining Order

In his most recent suit in the District of Minnesota, Plaintiff filed a motion for a temporary restraining order on July 12, 2017. [Doc. No. 6]. After a thorough review, the magistrate judge recommended that Plaintiff's motion for a temporary restraining order be denied. (R&R of Nov. 2, 2017 [Doc. No. 66].) This Court adopted the R&R of November 2, 2017 and denied Plaintiff's motion for a temporary restraining order. [Doc. No. 73]. However, on May 1, 2018, Plaintiff again filed another motion for a temporary restraining order. (Mot. for Temporary Restraining Order [Doc. No. 94].) Because this Court has already denied Plaintiff's motion for a temporary restraining order, (Order Adopting R&R of Nov. 2, 2017 [Doc. No. 73]), Plaintiff cannot succeed on this renewed motion.

## III. Motion for an Extension of Time to File an Appeal

Plaintiff also filed an appeal In Forma Pauperis ("IFP") to the Eighth Circuit on November 28, 2017. [Doc. No. 78]. In that appeal, Plaintiff alleged that this Court wrongly denied Plaintiff appointment of legal representation and a preliminary injunction. (*Id.*) Although Plaintiff could have proceeded IFP on his appeal without further authorization, this Court granted his IFP petition to appeal for clarity. [Doc. No. 84]. However, Plaintiff's appeal was dismissed by the Eighth Circuit on May 24, 2018. [Doc. No. 100].

Now, Plaintiff requests an extension of time to file another appeal to the Eighth Circuit regarding the grant of "summary judgment." (Mot. for Extension of Time at 2.) Because a motion filed by a pro se litigant is to be liberally construed, *United States v.*

*Sellner*, 773 F.3d 927, 932 (8th Cir. 2014), this Court assumes that Plaintiff is attempting to appeal the grant of Defendant's motion for judgment on the pleadings [Doc. No. 38].

Plaintiff contends that if he files a notice of appeal within the time constraints, the "Court['s] resources [will be] wasted," because Plaintiff's original appeal, filed on November 28, 2017, is currently pending. (Mot. for Extension of Time at 3.) In addition, Plaintiff argues that good cause exists for this Court to grant an extension of time to file an appeal due to his long work hours and simultaneous divorce proceeding. (*Id.*)

Federal Rule of Civil Procedure 4(a) allows a district court to grant a motion for extension of time to file a notice of appeal if the moving party can show good cause. *Gibbons v. United States*, 317 F.3d 852, 954 (8th Cir. 2003). Good cause can only be established when "the need for an extension is . . . occasioned by something that is not within the control of the movant." *Id.* at n.3 (citation omitted).

Under this standard, Plaintiff cannot succeed on his Motion for Extension of Time to File an Appeal. First, Plaintiff's previous appeal was dismissed by the Eighth Circuit on May 24, 2018. Thus, a pending appeal is not a factor that can be considered in connection to Plaintiff's request for additional time.

Second, Plaintiff's reasons for requesting an extension of time are not considered "good cause" as they are all within Plaintiff's control. *Miller v. Minnesota*, No. CIV.08-6555(JRT/JJG), 2009 WL 3062012, at *1 (D. Minn. Sept. 18, 2009). Although this Court is sympathetic to Plaintiff's schedule as he is proceeding pro se, Magistrate Judge Noel did provide Plaintiff with a warning over a year ago that "future requests for time

extensions will be viewed with disfavor." (Order Grant Mot. for Extension of Time to File Resp./Reply at 1.)

## III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a Temporary Restraining Order [Doc. No. 94] is **DENIED**;

2. Plaintiff's Motion for Extension of Time to File an Appeal [Doc. No. 102] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 5, 2018                           s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge